Daniel, Judge,
 

 after stating the case, proceeded: — The judgment in the action of detinue was conditional,
 
 (Peters
 
 v.
 
 Heyward,
 
 Cro. Jac. 682,) and if drawn out in form, would have run thus : “ It is considered by the Court, that Samuel Yines, do recover against the said Obedience Brownrigg, the said slaves, or the sum of dollars, for the value of the same, if the said Samuel Yines cannot have again his said slaves; and also, that he recover his
 
 *240
 
 said damages, costs and charges to dollars beyond the value aforesaid, by the jurors aforesaid, in form afore-sa'd assessed.” In England, an
 
 award of distringas,
 
 is added, at the foot of the judgment on the roll. A
 
 ji. fa.
 
 issued for the damages for the detention of the slaves and costs of suit; at the foot of which Ji.
 
 fa.
 
 is added the
 
 dis-tringas,
 
 beginning thus: “ We also command you, &c.” Archbold’s Forms, 141. This Court said, in
 
 Brily
 
 v.
 
 Cherry,
 
 2 Dev. Rep. 2, “ that an action of detinue is an affirmance of a continuing title to the thing detained, and that the plaintiff does not, as he does in an action of trover, disaffirm a continuance of title in himself, but may sustain an action for the same chattel against a third person, or even against the same party, although he may have obtained a judgment for it before, provided that judgment has not been satisfied.” From this reasoning, and also from the very form of the judgment in detinue, it seems to us, that the plaintiff had a right to have the slaves surrendered to him; and that he could have insisted on the sheriff’s distraining the lands and goods of the defendant, until a surrender should be made, if it was possible for the defendant to have made a surrender. It is very certain that the defendant could have discharged herself from the value mentioned in the
 
 distringas,
 
 by making a surrender of the slaves. The slaves were declared by the verdict and judgment, to be the property of the plaintiff. It cannot be law, that the plaintiff shall against his will, lose, the identical slaves he is seeking to get possession of, by the election of the defendant to pay the assessed value, as set forth in the judgment and
 
 distringas.
 
 If the slaves recovered, had been specifically delivered to the plaintiff or the sheriff, the plaintiff would also have been entitled to the issue born before the delivery, as he would to such as might be born afterwards, and might recover such issue in detinue, or the value in trover. The valuation is made and inserted in the judgment and
 
 distringas,
 
 for the benefit of the plaintiff, “ if he cannot have again his said slaves,” as is declared in the form of the judgment. But the plaintiff’s judgment, in his action of detinue, was satisfied by the defendant’s paying, and
 
 the plaintiff’s
 
 
 *241
 

 receiving
 
 in money the value of the slaves. The judgment and execution, being satisfied in this way, did in law, transfer to the defendant the title of those slaves, by reíation to and from the time, that value was fixed by the verdict and judgment. In assessing the value, the jury must have taken into their calculation, the chances of future increase, and raised the value accordingly. It cannot be just, that the plaintiff should receive the value thus assessed, and again recover in this action of trover, the value of the after-born children. We think the judgment is erroneous, and ought to be reversed, and that judgment be rendered for the defendant.
 

 Pee Curiam. Judgment reversed.